IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:93-CR-144-BO-2
NO. 5:12-CV-10-BO

| | |
|---|---|
| STEVE HICKMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the United States' Motion to Dismiss [DE 181]. Petitioner responded on April 17, 2012 [DE 184]. The motion is now ripe for adjudication. Because Mr. Hickman's motion pursuant to 28 U.S.C. § 2255 is untimely, the United States' Motion to Dismiss is GRANTED and Mr. Hickman's petition [DE 165, 169] is DISMISSED.

BACKGROUND

On November 16, 1993, Mr. Hickman was indicted on charges of conspiring to distribute and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; using a facility in interstate commerce and aiding and abetting, in violation of 18 U.S.C. §§ 1952 and 2; and multiple counts of possession with intent to distribute cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On March 23, 1994, Mr. Hickman pleaded not guilty. A jury was empaneled on May 16, 1994 and on May 19, 1994, the jury returned guilty verdicts. On September 15, 1994, the Court sentenced Mr. Hickman to 480 months of imprisonment on count 10; to be served consecutively to life imprisonment on counts 1, 3, 5, 9, 12, and 15; 5 years of supervised release; and a special assessment. Mr. Hickman filed a notice of appeal, which he and

the government later jointly moved to dismiss. The Court of Appeals for the Fourth Circuit dismissed the appeal on February 6, 1995.

On September 20, 1995, the Court held a Rule 35 hearing and, on October 5, 1995, reduced Mr. Hickman's sentence to 300 months of imprisonment on counts 1, 9, 12, and 15; 60 months of imprisonment on count 5; and 300 months of imprisonment on count 10 to run concurrently. Mr. Hickman filed a notice of appeal and on March 22, 1999, the Fourth Circuit affirmed this Court's judgment. Since that date, Mr. Hickman has filed motions for reduction of sentence, for habeas corpus pursuant to 28 U.S.C. § 2241, and for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Those motions have been denied.

On January 9, 2012, Mr. Hickman filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [DE 165], which he later resubmitted on the proper form [DE 169]. In his petition, Mr. Hickman asserts two grounds for relief. First, he alleges that his trial lawyer, Thomas C. Manning, provided him with ineffective assistance of counsel by failing to assert a violation of Mr. Hickman's right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161. Second, Mr. Hickman claims that he was not tried within 70 days, in violation of the Speedy Trial Act.

## DISCUSSION

### I. Mr. Hickman's Petition is Untimely

A one-year limitations period applies to petitions under 28 U.S.C. § 2255. The limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1); *Clay v. United States*, 537 U.S. 522, 524 (2003). Alternatively, if a claim is not immediately apparent at the time of judgment, the limitation period does not begin to run until the date on which the facts supporting that claim "could have been discovered through the

exercise of reasonable diligence." 28 U.S.C. § 2255 (f)(4). Absent any claim that governmental action or a new rule announced by the Supreme Court alters this calculus, any petition filed after the running of this one-year period is considered untimely.[1] Mr. Hickman's judgment of conviction became final on February 6, 1995, the date the Fourth Circuit entered its order dismissing the appeal, as that represents "the date upon which he declined to pursue further direct appellate review." *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Because the date on which Mr. Hickman's statutory right to seek federal habeas review accrued prior to the passage of AEDPA, Mr. Hickman "must receive a reasonable period of time after the statue's effective date to file his petition." *Brown v. Angelone*, 150 F.3d 370, 374 (4th Cir. 1998). In *Brown*, the Fourth Circuit determined that a "reasonable time" means "one year from the effective date of the AEDPA." *Id.* at 375. In other words, Mr. Hickman could have filed his petition on or before April 23, 1997.

Mr. Hickman argues that, because his conviction was a federal and not a state conviction, his case is distinguishable from *Brown*. However, *Brown* applies both to petitions filed pursuant to sections 2254 and 2255. *Id.* Mr. Hickman also claims that applying AEDPA to his case would constitute an impermissibly retroactive application of the law. Because Mr. Hickman has

---

[1] 28 U.S.C. § 2255(f) provides:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

not demonstrated reliance on any pre-AEDPA law in filing his motion, no impermissible retroactive effect can accrue. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

## II. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and Respondent is entitled to dismissal of the petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record

and arguments." *Slack*, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss [DE 181] is GRANTED and Petitioner's Motion to Vacate [DE 165, 169] are DISMISSED.

SO ORDERED, this the 21 day of May, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE